FILED
 2024 Jul-25  PM 01:53
U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KATARUH WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 2:24-cv-590-GMB |
| RED MOUNTAIN RETAIL, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kataruh Williams filed a complaint against her former employer Red Mountain Retail, Inc. ("RMR") alleging race, gender, and pay discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(m); race and pay discrimination in violation of 42 U.S.C. § 1981; and retaliation and interference in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601, *et seq*. Doc. 1.  The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 13.   Before the court is RMR's Motion to Dismiss Complaint or in the alternative, Motion for a More Definite Statement. Doc. 5.  The motion is fully briefed (Docs. 5, 8, 11) and ripe for decision.  For the reasons that follow, the motion is due to be granted in part and denied in part.

## I.  STANDARD OF REVIEW

RMR moves for dismissal under Federal Rule of Civil Procedure 12(b)(6), which authorizes the dismissal of some or all of the claims in a complaint if the allegations fail to state a claim upon which relief can be granted.  Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

The court assumes that the factual allegations in the complaint are true and gives Williams the benefit of all reasonable factual inferences. *Hazewood v. Found. Fin. Grp., LLC*, 551 F.3d 1223, 1224 (11th Cir. 2008).  But "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").  Nor is it proper to assume that a plaintiff can prove facts she has not alleged or that the defendants have violated the law in ways that have not been alleged. *Twombly*, 550 U.S. at 563 n.8 (citing *Assoc. Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

In the alternative, RMR moves for a more definite statement. Under Rule 12(e), a defendant may file a motion seeking "a more definite statement" of a complaint "which is so vague or ambiguous that the [defendant] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The defendant bears the burden of demonstrating that a complaint portrays a lack of clarity reasonably foreclosing the ability to prepare a responsive pleading, which is a "very high standard." *Advance Tr. & Life Escrow Servs., LTA v. Protective Life Ins. Co.*, 2020 WL 2198955 at *3, (N.D. Ala. May 6, 2020) (citation omitted). Given the liberal pleading standards of Rule 8 and pretrial discovery procedures, courts generally disfavor motions for a more definite statement and grant them sparingly. *See Fathom Expl., LLC v. The Unidentified Shipwrecked Vessel or Vessels*, 352 F. Supp. 2d 1218, 1221 (S.D. Ala. 2005) ("Motions for more definite statement are viewed with disfavor and are rarely granted."); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1376 (3d ed. 1998) ("[T]he availability of a motion for a more definite statement is quite restricted . . . . [T]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small.").

## II. DISCUSSION

RMR's motion goes over the complaint with a fine-toothed comb. *See* Doc. 5 at 8–18. The motion itself makes clear that the complaint does not fall within the purview of Rule 12(e) in as much as RMR's pointed and specific arguments cannot

3

be squared with the claim that the complaint is "so vague or ambiguous that [RMR] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The facts alleged in the complaint support Williams' claims and the complaint adequately states claims for race and pay discrimination, as well as for FMLA interference and retaliation. As is evidenced by RMR's arguments, the complaint meets the Rule 12 standard in that it gives RMR "fair notice of what the . . . claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

In addition, many of RMR's arguments under Rule 12(b)(6) are premature, inapplicable under the relevant law, and akin to those raised in a motion for summary judgment, not a motion to dismiss. For example, in addressing Williams' discriminatory pay claims, RMR argues that the comparator "positions are not exactly the same" and that the "factual allegations . . . only undermine her pay discrimination claims since [she] admits that, when [RMR] promoted her . . . , she and [her comparator] switched stores." Doc. 11 at 4–5; *see also* Doc. 5 at 8. Likewise, RMR argues that Williams must make more specific allegations about the qualifications of the male employee promoted over Williams. Doc. 5 at 12–13; Doc. 11 at 9–10. These arguments may have some traction at summary judgment, but they do not show that Williams' allegations have not met the pleading standards established in *Iqbal* and *Twombly*. RMR's arguments about the damages alleged in the complaint are similarly premature. The law permits the pleading of such

damages, even if they may not ultimately be recovered. In short, the motion to dismiss or for more definite statement is due to be denied because the factual allegations in the complaint satisfy the liberal pleading standards of *Iqbal* and *Twombly*. Whether Williams can prove these claims at summary judgment or to a jury is a matter for a later date.

RMR's motion will be granted in one respect, however. Williams admits that she "did not intend to raise a failure-to-promote claim with respect to the [Retail Experience Manager] position" and that "Paragraph 66 should state that Defendant's pay discrimination violated Title VII." Doc. 8 at 8 n.1. The court will grant RMR's motion in part based on this concession.

### III.  CONCLUSION

For the foregoing reasons, it is ORDERED the Motion to Dismiss or in the alternative, for a More Definite Statement (Doc. 5) is GRANTED in part and DENIED in part as follows:

1. The motion is GRANTED to the extent that paragraph 66 should be amended to state that RMR's pay discrimination violated Title VII. The court STRIKES the reference to a failure to promote from this paragraph.

2. The motion is DENIED in all other respects.

3. RMR is ORDERED to file its answer to the complaint on or before **August 8, 2024**.

DONE and ORDERED on July 25, 2024.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE